IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03162-MEH

USA VOLLEYBALL,

      Plaintiff,

v.

WILLIAM TATHAM, in his individual and official capacities,
GRAND PRIX ENTERTAINMENT, LLC, and
DOES 1-50

      Defendants.

_____

## ORDER CONFIRMING ARBITRATION AWARD AND DENYING CROSS-MOTION FOR ORDER VACATING ARBITRATION AWARD
_____

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are Plaintiff's Motion for Order Reopening Civil Action and Confirming Arbitration Award and Directing Entry of Judgment (ECF 19) and Defendants' Cross-Motion for Order Vacating Arbitration Award (ECF 23). Because Defendants have not met their burden to show the Arbitrator committed an error listed in 9 U.S.C. § 10, the Court denies Defendants' Cross-Motion and grants Plaintiff's Motion for Order Confirming Arbitration Award.

## BACKGROUND

The following is adapted from Plaintiff's statement of the case, which was not disputed by Defendants.[1] Plaintiff brought this action under both federal and state law claiming that Defendants breached an agreement and infringed Plaintiff's trademark. The facts are that on June 12, 2012, Plaintiff and Defendants entered into the Sanctioning and Licensing Agreement (the "Agreement").

---

[1] I will omit record citations (contained in Plaintiff's Motion) for brevity's sake.

Over the course of the Agreement, Defendants stopped making payments to Plaintiff pursuant to the Agreement's terms, and, as a result, Plaintiff terminated the Agreement on August 1, 2017. Plaintiff filed this action on December 19, 2017, alleging claims for breach of contract and trademark infringement, seeking damages totaling $506,250 plus interest and an order enjoining Defendants from using Plaintiff's trademarks. On February 16, 2018, Defendants filed an unopposed Motion to Compel Arbitration and Stay Proceedings pursuant to paragraph 7.18 of the Agreement, which provided that the parties would settle any dispute arising out of the Agreement by arbitration. ECF 11.

This Court granted the motion and stayed the proceedings, directing the Clerk of the Court to administratively close the case "subject to reopening for good cause, which includes resuming this action following issuance of the arbitration award." ECF 16, at 3. The parties subsequently participated in arbitration in Colorado and selected Jane Michaels (the "Arbitrator") of the American Arbitration Association. The parties then conducted discovery. On May 8, 2019, the parties cross-moved for summary judgment on Plaintiff's breach of contract claim. On June 19, 2019, the Arbitrator issued an order on the summary judgment motions, ruling that Plaintiff's "interpretation of the contract is logical and persuasive," but at that time declined to enter summary judgment. The Arbitrator noted that Defendants claimed to have other information (aside from that which it included in their summary judgment motion and opposition) that they wished to present at an evidentiary hearing and explained that she was "mindful of an arbitrator's obligation to hear all pertinent and material evidence before rendering a definitive decision on a claim for which there are limited rights of appeal."

The Arbitrator set the dispute for a hearing. Because of Defendant Tatham's health problems,

he became unavailable for any evidentiary hearing. Subsequently, the Arbitrator informed the parties that she "intend[ed] to reconsider whether a hearing is truly necessary in this case, particularly given both parties' dispositive motions for summary judgment that included extensive briefing on their respective interpretations of the operative contract language." The Arbitrator then requested that the parties submit supplemental briefs on whether, consistent with the Federal Arbitration Act (FAA), the Arbitrator could grant summary judgment if she determined that the contract was not ambiguous, or whether she was nevertheless required to hold a hearing on the matter. On May 19, 2020, after reviewing the parties' summary judgment and supplemental briefs, the Arbitrator issued an interim award (the "Interim Award") in Plaintiff's favor on its breach of contract claim. The Arbitrator ruled (1) no hearing was necessary because the terms of the Agreement are unambiguous, and the extrinsic evidence Defendants wished to introduce at a hearing was therefore not material to the dispute; (2) Defendants breached the Agreement; and (3) William Tatham (personally) and Grand Prix Entertainment, LLC, were liable to Plaintiff in the amount of $506,250.

Thereafter, the parties stipulated to resolve Plaintiff's trademark infringement claim through a Consent Award and Permanent Injunction. The Consent Award and Permanent Injunction requires Defendants to remove Plaintiff's marks from Defendants' video and permanently enjoins Defendants from using any USA Volleyball trademarks for any business purposes. The parties also agreed to apply Colorado's prejudgment interest statute (eight percent interest per annum, compounded annually) to damages awarded. On June 22, 2020, the Arbitrator entered her final arbitration award (the "Final Award") in favor of Plaintiff. The Final Award fully incorporated the Interim Award and awarded Plaintiff damages in the amount of $506,250 plus interest accruing from August 1, 2017

(the date of the termination of the Agreement) to the date of payment.  The Arbitrator also entered the parties' Consent Award and Permanent Injunction and incorporated its terms into the Final Award.  These motions followed.

## LEGAL STANDARDS

"Once a dispute is properly before an arbitrator, the function of the courts in reviewing the arbitrator's decision is quite limited."  *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997).  "[G]reat deference is owed to the arbitrator's decision.  Indeed, the standard of review of arbitral awards is 'among the narrowest known to the law.'" *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830 (10th Cir. 2005) (quoting *Litvak Packing Co. V. United Food & Commercial Workers*, 886 F.2d 275, 276 (10th Cir. 1989)).  "Errors in either the arbitrator's factual findings or his interpretation of the law . . . do not justify review or reversal on the merits of the controversy."  *Denver & Rio Grande W. R.R. Co.*, 119 F.3d at 849; *see also Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." (quoting *E. Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000))); *Hermanns v. Albertson's, Inc.*, 203 F. App'x 916, 918 (10th Cir. 2006) ("[Courts] lack the authority to review whether the arbitrator rightly or wrongly decided the matter and can only examine whether the arbitrator's decision 'draws its essence from the agreement.'" (quoting *Pub. Serv. Co. of Colo. v. Int'l Bd. of Elec. Workers*, 902 F.2d 19, 20 (10th Cir. 1990))).

A court may vacate an arbitration award for one of the four reasons listed in the FAA or one of the judicially created reasons, such as violations of public policy or manifest disregard of the law

4

(which has not been alleged here). *Adviser Dealer Servs. v. Icon Advisers, Inc.*, 557 F. App'x 714, 717 (10th Cir. 2014). Section 10 of the FAA permits a court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Defendants rely on (3), alleging the Arbitrator committed misconduct by refusing to hear evidence pertinent and material to the controversy.

## ANALYSIS

The issue before me is narrow. Defendants do not challenge the Consent Award and Permanent Injunction but allege the contract damages award must be overturned based on Arbitrator misconduct. I find an insufficient basis on which to overturn the award under prevailing law and, therefore, grant Plaintiff's motion to confirm and deny Defendants' motion to vacate.

Defendants allege, under Section 10 of the FAA, that the Arbitrator committed "misconduct in . . . refusing to hear evidence pertinent and material to the controversy." The alleged refusal concerned the interpretation of Section 6 of the Agreement. In principle, Plaintiff alleged that accrued but unpaid license fees remained owing after early termination of the Agreement by Plaintiff. Defendants asserted that Section 6.3 of the Agreement is the only provision that explicitly provides for payment of such fees, in the circumstance that Defendants terminated the Agreement. Section 6.3 stated that if the Defendants notified Plaintiff of their intent to terminate, "prorated amounts due and payable through the date of termination" must be paid. On the other hand, Section 6.1 stated that Plaintiff could terminate the Agreement if Defendants stopped making payments

5

thereunder but contained no similar provision for due and payable fees. To complicate the matter, Section 6.7 (which dealt with termination by either party) stated:

> Termination . . . requires that any duty or obligation which has been incurred and which has not been fully observed, performed and/or discharged and any right, unconditional or conditional, which has been created and has not been fully enjoyed, enforced and/or satisfied shall survive such expiration or termination until such duty or obligation has been fully observed, performed and/or discharged and such right has been fully enjoyed, enforced and/or satisfied.

Defendants reason that under the Agreement, while a termination by Defendants expressly provided that accrued, unpaid license fees remained due and owing, a termination by Plaintiff contained no such explicit provision, and under rules of contract interpretation, Plaintiff could recover no such fees in this instance. Defendants further argue that because of the discrepancy between Section 6.1 and 6.3, the Agreement was ambiguous, and the Arbitrator should have received evidence of the parties' intent to explain the ambiguity. In failing to do so, the Arbitrator allegedly engaged in misconduct under FAA Section 10.

Plaintiff counters that in their Motion, Defendants do not cite a single piece of evidence the Arbitrator allegedly refused to hear. Rather, Plaintiff argues, Defendants' objection to the award is based purely on Defendants' belief that the Arbitrator misinterpreted the Agreement, and under the standard of review of an arbitrator's award, the Arbitrator's decision here cannot be overturned. Indeed, "Errors in . . . the arbitrator's . . . interpretation of the law . . . do not justify review or reversal on the merits of the controversy." *Denver & Rio Grande W. R.R. Co.*, 119 F.3d at 849. "Rather, if an arbitrator 'is even arguably construing or applying the contract and acting within the scope of his authority,' the arbitral award should be upheld." *MEMC II, LLC v. Cannon Storage Sys., Inc.*, 763 F. App'x 698, 702 (10th Cir. 2019) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

6

I find that, under the clear direction of the Supreme Court, the Arbitrator was not "dispensing [her] own brand of industrial justice," *Garvey*, 532 U.S. at 509, but was engaging in facially legitimate construction of the Agreement and acting within the scope of her authority. Whether I or another federal judicial officer would have made the same decision is not the standard, although here, it was not clear error that the Arbitrator found payment of accrued license fees obligatory, legitimately reasoning that such fees, under Section 6.7, were an "obligation which has been incurred and which has not been fully . . . performed," or a "right . . . which has . . . not been fully . . . satisfied," thus "surviv[ing] . . . termination until such . . . obligation has been fully . . . performed" or "such right has been fully . . . satisfied." At the very least, if the sole question I must address is "whether the arbitrator (even arguably) interpreted the parties' contract, not whether [s]he got its meaning right or wrong," *Oxford Health Plans LLC*, 569 U.S. at 569, the answer is yes.

## **CONCLUSION**

Defendants have not demonstrated that the Arbitrator committed misconduct under the FAA. Accordingly, the Court **denies** Defendants' Cross-Motion for Order Vacating Arbitration Award [filed August 12, 2020; ECF 23] and **grants** Plaintiff's Motion for Order Reopening Civil Action and Confirming Arbitration Award and Directing Entry of Judgment [filed July 9, 2020; ECF 19]. This case is re-opened for the sole purpose of entering the following order: the Court confirms the Arbitrator's Interim Award and Final Award; renders judgment in favor of Plaintiff and against Defendants in the amount of $506,250, plus prejudgment interest at the rate of 8% per annum, compounded annually, accruing from August 1, 2017, to the date of payment (pursuant to the parties' agreement and, therefore, the federal postjudgment interest rate will not apply); and directs the Clerk of the Court to issue the judgment and enter the parties' Consent Award and Permanent

Injunction, currently located at ECF 19-6.  Once the order and judgment are entered, the Clerk shall close the case.

Entered and dated at Denver, Colorado, this 14th day of September, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge